IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLORON INSURANCE GROUP LLC and
CONNEXUS CREDIT UNION.,

                                    Plaintiffs,                              OPINION and ORDER

   v.                                                                                       20-cv-410-jdp

MICHAEL SILVERMAN and
GLORON AGENCY, INC.,

                                    Defendants.

---

     This is a dispute over an asset purchase agreement that arises under state law. The case was filed in state court, but removed to federal court. The question is whether the case should be remanded to state court because the parties are not diverse, which would deprive this court of jurisdiction.

     Michael Silverman sold the assets of his insurance agency, Gloron Agency, Inc., to Connexus Credit Union. The deal was structured so that the assets would be held in a new entity, Gloron Insurance Group, LLC. Connexus is a member of Gloron Insurance Group, LLC, and owns the majority of it, but Silverman got a minor share, and thus he, too, is a member of Gloron Insurance Group.

     Connexus and Gloron Insurance Group sued Silverman and Gloron Agency for breach the asset purchase agreement in Marathon County Circuit Court. Defendants filed a notice of removal, Dkt. 1, followed shortly by a motion to dismiss. Dkt. 2. Defendants assert diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction. The amount in controversy requirement is met. *See* Dkt. 1-1, ¶¶ 1, 2, 5, 23, 24. Diversity jurisdiction is proper only when no plaintiff is a citizen of the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S.

81, 89 (2005). For citizenship purposes, a limited liability company takes on the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2005). Silverman is a citizen of New Jersey, Dkt. 1, ¶ 21, and, by virtue of Silverman's membership, so is the plaintiff Gloron Insurance Group. Silverman's membership in the plaintiff Gloron Insurance Group would ordinarily defeat diversity.

Defendants anticipated the problem, so they argue in their notice of removal and motion to dismiss that Gloron Insurance Group was fraudulently joined as a plaintiff "for the sole purpose of trying to destroy diversity." Dkt. 3, at 7; *see also* Dkt. 1, ¶ 22. Defendants invoke a sound legal principle: a plaintiff may not manipulate federal jurisdiction by dishonestly configuring the parties to a suit. A plaintiff may not evade federal jurisdiction by fraudulently naming a nondiverse defendant, nor may a plaintiff create diversity by assigning its interests to a diverse party. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). If a court determines that a party has been fraudulently joined, the citizenship of that party is disregarded. Defendants ask the court to disregard the citizenship of Gloron Insurance Group and exercise jurisdiction over the case. Plaintiffs deny that Gloron Insurance Group was fraudulently joined, and they move to remand the case for lack of subject matter jurisdiction. Dkt. 8.

Plaintiffs ask for emergency consideration because an injunction hearing is scheduled in state court for May 7, 2020. The court will grant the request for emergency consideration. Defendants made their argument for jurisdiction in their notice of removal and their motion to dismiss. The case is not a close one, and the court sees no need to wait for a further response from defendants.

Defendants have the burden to show that a party has been fraudulently joined, and that burden is a heavy one. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). In a typical case, a diverse defendant objects to the plaintiff's joinder of a nondiverse defendant. Under that scenario, the removing defendant must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Poulos*, 959 F.2d at 73 (emphasis in original) (citation omitted). This case is atypical in that the removing defendants object to the plaintiffs' joinder of a nondiverse plaintiff.[1] But the court discerns (and defendants identify) no reason why the standard articulated in *Poulos* shouldn't apply here. So the question is whether defendants have shown that there is no reasonable possibility that the state court would rule in favor of the non-diverse plaintiff, Gloron Insurance Group.

Defendants' fraudulent joinder argument is utterly meritless. Gloron Insurance Group is the purchaser of the assets at the heart of this dispute over the asset purchase agreement. Gloron Insurance Group executed the asset purchase agreement at issue, *see* Dkt. 4-5, and under that agreement, it was the entity to which defendants were supposed to transfer the purchased assets. Plaintiffs allege that defendants breached the asset purchase agreement by

---

[1] Because neither party has questioned that the fraudulent joinder doctrine applies in such a scenario, the court will assume without deciding that it does. But historically, the doctrine of fraudulent joinder has applied only to the joinder of defendants. *See* Matthew C. Monahan, Note, *De-Frauding the System: Sham Plaintiffs and the Fraudulent Joinder Doctrine*, 110 Mich. L. Rev. 1341, 1344 (2012).

failing to make the transfer. If all issues of fact and law were resolved in favor of Gloron Insurance Group, it would prevail on all its claims against the defendants in state court.

Defendants make no argument that Gloron Insurance Group has no legitimate claim in the litigation. Instead, defendants move straight to the merits, contending that most of plaintiffs' claims are subject to arbitration and must be dismissed under Rule 12(b)(3), and that the remaining allegations fail to state plausible claims for relief and must be dismissed under Rule 12(b)(6). *See generally* Dkt. 3. The arguments are not persuasive. More important, they are beside the point.

The court cannot reach the merits if it does not have jurisdiction in the first place. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "Jurisdiction is not defeated by the possibility that the allegations might fail to state a cause of action on which a party could actually recover." *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Nor is it defeated by the possibility that the plaintiffs' claims might ultimately be subject to arbitration. *See Vaden v. Discovery Bank*, 556 U.S. 49, 65–66 (2009) (federal court may not entertain a petition to compel arbitration brought under Federal Arbitration Act unless it has subject matter jurisdiction over the underlying controversy).

Defendants have wholly failed to carry their burden of demonstrating that Gloron Insurance Group was fraudulently joined as a plaintiff. The parties are not completely diverse, so the court lacks subject matter jurisdiction and it must remand the case.

The only remaining issue is plaintiffs' request for attorney fees and costs. *See* Dkt. 9, at 10–11. Under 28 U.S.C. § 1447(c), courts remanding an improperly removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a

result of the removal." The standard for shifting fees under § 1447(c) turns on the reasonableness of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v, Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The court doubts that defendants had any objectively reasonable basis for seeking removal. Plaintiffs contend that defendants removed the case to block the injunction hearing scheduled for May 7, 2020. The court will give defendants an opportunity to respond to the request for cost shifting. By the date given below, plaintiffs should submit a properly supported requests for its fees.[2] Defendants will then have seven days to explain why fee shifting under § 1447(c) isn't appropriate and to respond to the reasonableness of the fee amount requested by plaintiffs.

## ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to remand this case, Dkt. 8, is GRANTED.

2. Defendants' motion to dismiss, Dkt. 2, is DENIED as moot.

3. The case is REMANDED to the Circuit Court for Marathon County, Wisconsin. The clerk of court is directed to return the record to the Circuit Court for Marathon County, Wisconsin.

---

[2] Plaintiffs should refer to page 39 of this court's Standard Attachments for Civil Cases (available at https://www.wiwd.uscourts.gov/sites/default/files/Attachments_PTC_JDP.pdf) for more information about how to support their fee requests.

4.  By May 18, 2020, plaintiffs should submit a properly supported request for costs and expenses incurred in connection with the removal. Defendants may have until May 25, 2020 to oppose plaintiffs' request for fee shifting and to file any objection to plaintiffs' itemized fees and expenses.

Entered May 6, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge